# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| KATRINA POMART, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:05-CV-75-AS |
| | ) | |
| PURDUE UNIVERSITY, | ) | |
| Defendant. | ) | |

## ORDER and PROTECTIVE ORDER

This matter is before the Court on a Motion to Quash Subpoena Duces Tecum [DE 11], filed by the Indiana Department of Workforce Development ("IDWD") on November 9, 2005.  On November 23, 2005, Defendant Purdue University filed a Response Brief.  The IDWD did not file a Reply.

The Defendant issued a subpoena duces tecum to the IDWD, requesting audio tapes and documents relating to the Plaintiff's application for unemployment compensation.  The IDWD subsequently filed the instant Motion to Quash, citing its inability to release those records pursuant to Indiana Code 22-4-19-6(b) without an order of the court.  The IDWD asks that the Court either quash the subpoena or, in the alternative, order the records released.  The Defendant responds that the information contained within the IDWD records is relevant to the instant matter because the Defendant believes that the information and testimony given by the Plaintiff at the unemployment compensation hearing may be used for impeachment purposes in the instant matter and is relevant to the issue of the Plaintiff's portrayal of her financial situation in her motion for leave to proceed *in forma pauperis*.  The Defendant further represents that it does not intend to release this information to the public but rather intends only to use this information for the instant lawsuit.

*1. Protective Order*

Having considered the motion and the response, the Court finds that the IDWD shall release the records to the Defendant.  In the interests of protecting the Plaintiff's privacy, the Court further **ORDERS** that the records released by the Indiana Department of Workforce Development to the Defendant shall be subject to the following terms:

1.      Records produced by the IDWD in response to the Defendant's subpoena duces tecum dated October 31, 2005, may be disclosed only to the Defendant's attorneys and its clerical staffs.

2.      The records are provided only for the purpose of, and may be used only in, this case.

3.      The records may not be used or disclosed for any other purpose whatsoever.

4.      In submitting any of the records to the Court in this proceeding, the Defendant shall comply with Local Rule 5.2 regarding the protection of certain personal identifiers, including, but not limited to, social security numbers, account numbers, and birth dates.

5.      At the conclusion of this case, all documents produced pursuant to this Stipulation, and any copies thereof, shall be returned to the IDWD or destroyed within thirty days.

*2. Personal Identifiers*

Local Rule 5.2, regarding the protection of personal identifiers, requires the parties to redact certain personal identifiers, including, but not limited to, social security numbers.  Attached to the IDWD's Motion to Quash Subpoena Duces Tecum [DE 11] is an exhibit of a subpoena duces tecum served on IDWD by Defendant Purdue University, and within the exhibit is the Plaintiff's social security number on page 5.  In addition, page 1 of the Defendant's Response Brief includes the Plaintiff's complete social security number.  The Court finds that the IDWD and the Defendant have not complied with Local Rule 5.2.  Therefore, the documents shall be stricken by the Clerk of Court and the parties shall submit appropriately redacted documents to the Clerk of Court.

**CONCLUSION**

For the foregoing reasons, the Court now **DENIES** the Motion to Quash Subpoena Duces Tecum [DE 11] and **ORDERS** that the Indiana Department of Workforce Development comply with the subpoena issued by the Defendant on October 31, 2005.

The Court **ORDERS** the entry of the Protective Order set forth herein.

The Court further **ORDERS** that

1. the Motion to Quash Subpoena Duces Tecum [DE 11] and the Response [DE 12] are hereby **STRICKEN**;

2. the Clerk of Court **DETACH** the documents at docket entry 11 and docket entry 12;

3. the Indiana Department of Workforce Development **SUBMIT** to the Clerk of Court (by fax or mail) an appropriately redacted copy of the Motion to Quash Subpoena Duces Tecum for replacement in docket entry 11;

4. the Defendant **SUBMIT** to the Clerk of Court (by fax or mail) an appropriately redacted copy of the Response for replacement in docket entry 12;

5. the Clerk of Court **ATTACH** the replacement documents at docket entries 11 and 12, respectively.

SO ORDERED this 15th day of December, 2005.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record
        Nonparty Movant Indiana Department of Workforce Development

3